IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ECLIPSE CONSULTING, INC.,**

  Plaintiff,

v.

**BDO USA, LLP,**

  Defendant.

No. 3:17-cv-00826-AC

OPINION AND ORDER

**MOSMAN, J.,**

On November 13, 2018, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R) [51], recommending that Defendant's Motion to Dismiss [43] should be GRANTED and Plaintiff's claims against Defendant should be dismissed with prejudice, and without leave to amend. Plaintiff filed Objections to the F&R [53] and Defendant filed a Response to Objections [54].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

In this second F&R in this case, Judge Acosta undertook to analyze whether Defendant, a non-signatory, is bound by the terms of the Master Service Agreement ("the Agreement"), such that it is estopped from avoiding arbitration under § 12 of the Agreement. The core disputes, and the subject of Plaintiff's Objections to the F&R, are (1) whether Plaintiff failed to allege that Defendant received "direct benefits" under Plaintiff's contract with Redi-Carpet, and (2) whether the F&R improperly analyzed the "consummation prong" of the equitable estoppel test.

As to the first issue, Plaintiff contends that the F&R simply missed or ignored instances in which it properly alleged direct benefits by Defendant's exploitation of the specific milestones and benchmarks under the Agreement for financial gain. In my view, however, Judge Acosta properly analyzed this issue. His conclusion that Plaintiff has alleged no direct benefits is supported both by the absence of allegations, or by allegations, like the one above, that simply do not constitute direct benefits.

As to the second issue, Judge Acosta thoughtfully puts into its proper place in this area of law what Plaintiff calls the "consummation prong." In doing so, he also distinguishes this case

from my opinion in *Legacy*. Properly analyzed, as Judge Acosta's opinion does, there is no reason to expand the estoppel doctrine to the non-signatory here.

## CONCLUSION

Upon review, I agree with Judge Acosta's recommendation and I ADOPT the F&R [51] as my own opinion. Defendant's Motion to Dismiss [43] is GRANTED, Plaintiff's claims are dismissed with prejudice, and without leave to amend.

IT IS SO ORDERED.

DATED this 23 day of January, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge